(No. 75-CV-29—)

IN RE APPLICATION OF PEARL NAILS.

*Opinion filed April 5, 1976.*

ALDUS S. MITCHELL, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General of Illinois;
PEGGY BASTAS, Assistant Attorney General.

PER CURIAM.

This claim arises out of a criminal offense that occurred on April 6, 1974, at 2046 Dewey, Evanston. Jeffrey Lewis, Garry Lewis and Lance Lewis, by Pearl Nails, their mother and next friend, seek compensation for loss of support pursuant to the provisions of the Crime Victims Compensation Act, (Ill.Rev.Stat., 1973, Ch. 70, Sec. 70, 71, et seq.) (hereafter referred to as the "Act").

Evidence was taken by the Court at a hearing conducted by Martin C. Ashman, a Commissioner of this Court.

The facts were that the deceased victim, Jesse E. Lewis, was playing poker with others at the home of Billie Bradford, 2046 Dewey, Evanston. The game was a weekly game for money. The stakes are unknown.

The evidence was that at this poker game the deceased victim "checked" on a hand to which the assailant, J.B. Boyd, objected as being against the rules of the game. The victim agreed after an argument that his action was against the rules and acceded to the demands of the assailant. Nevertheless, the assailant pulled a gun and shot the victim who was dead on arrival at Evanston Hospital.

The assailant was charged with and found guilty of murder and sentenced to the penitentiary.

This Court need not comment on the various issues raised by the parties as to the pecuniary losses sustained inasmuch as we find that this claim does not qualify for compensation under the Act.

Section 3(f) of the Act states that a person is entitled to compensation under the Act if:

(f) the injury to or the death of the victim was not substantially attributable to his wrongful act or substantial provocation of his assailant; . . .

Gambling is a crime in the State of Illinois under the provisions of Chapter 38, Section 28.1 of the Illinois Revised Statutes.

This Court has already decided in the case of *In Re Application of Effie Hardy,* 76-CV-2, that where a victim was killed as a result of arguments during gambling, such a victim substantially contributed through his illegal acts to his own death.

This Court in the *Hardy* case said:

Although this court can not ignore this brutal killing, neither can it ignore the evidence before it as to the circumstances leading to it. The Act under which this claim is made is intended to compensate for injuries or death to victims who were innocent of any contribution to their own injury or death. The victim in this case, placed himself in a situation, through his illegal activities, where further illegal activities would be the probable result. Surely, the victim did not expect to be murdered, but just as surely he did place himself in a situation where he can not be considered an innocent victim.

This reasoning is wholly applicable to the case before us.

The Claimant in the case before us argues that, because the victim acceded to the objections of the assailant, the victim did not provoke his assailant within the meaning of the Act. We can not agree. The victim in this case, by engaging in an illegal activity, substantially contributed to his own death for the purposes of the Act.

Therefore the Court finds that compensation is not authorized under the Act and the claim is hereby dismissed.